Chief Judge Desmond (dissenting).
I concur with Judge Burke for reversal. Besides the authorities cited in his opinion, we have precedents in our own court which cry out for relief for this appellant. In People v. Oliver (1 N Y 2d 152, 162), ordering the dismissal of a first degree murder indictment, we approved and applied the concept expressed in statutory amendments and in a gubernatorial message that it was a “ shocking thought ” that children 7 to 15 years old could be convicted of felonies and even sentenced to death. The Oliver boy whose indictment Ave dismissed was 14 years old when he killed his brother in 1945. The present defendant’s homicidal act was committed two years later in 1947. Hoav could the earlier killer escape punishment and the later culprit still be kept in prison, many years later? The circumstance that Oliver’s trial was delayed until after the statutory changes of 1948 does not explain away this glaring unequality. In the first People v. Codarre case (10 N Y 2d 361, 365), dealing with a 1943 killing by a 13-year old, wo noted that the 1948 amendment was not applicable but held nevertheless that ‘ ‘ the taking of a guilty plea of murder from so young a defendant called for an extreme measure of caution ’ ’. The facts set out in the first paragraph of Judge Burke’s dissenting opinion here make clear the total absence of such required protection. As in Oliver’s case, a new trial is now impossible and the only Avay of dealing with this situation (18 years’ imprisonment for a 15-year-old boy) is to reverse, grant the petition and dismiss the indictment.
Judges Van Voorhis, Scileppi and Bebgan concur with Judge Dye ; Judge Burke dissents in an opinion in which Chief Judge Desmond and Judge Fuld concur; Chief Judge Desmond dissenting also in a separate opinion in Avhich Judges Fuld and Burke concur.
Order affirmed.